**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1152

AGUS SETIADI LUNARDI; SELLY TANUWIHARDJA;
V.L.,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-279-362; A96-279-363; A96-279-364)

Submitted: September 25, 2006        Decided: October 16, 2006

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland, for Petitioners. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Office of Immigration Litigation, Civil Division, Regina S. Moriarty, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Agus Setiadi Lunardi is the principal asylum applicant for himself, Selly Tanuwihardja, his wife, and V.L., their minor child, all natives and citizens of Indonesia. Lunardi petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.* Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Lunardi challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of an adverse eligibility determination, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Lunardi fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief he seeks.

---

*Lunardi does not challenge the Board's denial of his application for protection under the Convention Against Torture. Therefore, this claim is abandoned. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

- 2 -

Similarly, as Lunardi does not qualify for asylum, he is also ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Id.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED